UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JAMES MESSER                                                         PLAINTIFF

v.                                        CIVIL ACTION NO. 4:16CV-P9-JHM

OFFICER DENNY *et al*.                                           DEFENDANTS

## MEMORANDUM OPINION

The *pro se* Plaintiff initially filed this action in the Eastern District of Kentucky naming

two Defendants (DN 1).  By Order entered January 22, 2016, the Eastern District of Kentucky

transferred the case to the Western District of Kentucky (DN 5).  When Plaintiff filed this action,

he also filed an application to proceed without prepayment of fees (DN 2).

There were various matters that needed to be corrected in this action; thus, the Court

entered an Order (DN 8) on February 17, 2016, ordering Plaintiff to correct these matters.  The

Order was mailed to Plaintiff at the Hopkins County Jail address he provided to the Court.  This

Order was returned to the Court (DN 9) marked "Return To Sender, Not Deliverable As

Addressed, Unable To Forward."

Upon filing the instant action, Plaintiff assumed the responsibility to keep this Court

advised of his current address and to actively litigate his claims.  *See* Local Rule 5.2(d) ("All pro

se litigants must provide written notice of a change of address to the Clerk and to the opposing

party or the opposing party's counsel.  Failure to notify the Clerk of an address change may

result in the dismissal of the litigant's case or other appropriate sanctions.").  Because Plaintiff

has not provided any notice of an address change to the Court, neither orders or notices from this

Court nor filings by Defendants can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a Plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.").  Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110.  "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110).  "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with LR 5.2(d) and has failed to take any action in this case subsequent to filing the documents initiating this action, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action.  The Court will dismiss the action by separate Order.

Date:  April 12, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Defendants
4414.003

2